IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD E. LEAPHART, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-1062 |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| GEORGE LITTLE, *et al.*, | ) | Re: ECF No. 31 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Harold E. Leaphart ("Plaintiff"), an inmate incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), brings this *pro se* action arising out of his placement in restricted custody. ECF No. 4.

Presently before the Court is Plaintiff's Motion to Compel Full and Proper Responses to Discovery ("Motion to Compel") and Brief in Support. ECF Nos. 31 and 32. Defendants have filed a Response in Opposition. ECF No. 35. For the following reasons, the Motion to Compel is granted in part and denied in part.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

As alleged in the Complaint, Plaintiff was placed in the Restricted Housing Unit ("RHU") at the State Correctional Institution at Huntingdon ("SCI-Huntingdon") on April 20, 2019, following a staff assault and related misconduct. ECF No. 4 ¶ 20. At the conclusion of the disciplinary hearing, Plaintiff was sentenced to 255 days in Disciplinary Custody ("DC") status in the RHU. He completed this sanction on December 24, 2019. Id. ¶¶ 21-22. Thereafter, Plaintiff was placed on Administrative Custody ("AC") status by the Program Review Committee ("PRC") at SCI-Huntingdon, was placed on the Restricted Release List ("RRL") and was housed in "solitary

1

confinement." Id. ¶¶ 22-23.  He remained in the RHU at SCI-Huntingdon until January 27, 2020. Id. ¶ 24.

On January 27, 2020, Plaintiff was transferred from SCI-Huntingdon to the State Correctional Institution at Houtzdale ("SCI-Houtzdale").  There, he was housed in the RHU and remained in AC status.  Id. ¶¶ 24-25.

On November 9, 2020, Plaintiff was transferred from SCI-Houtzdale to SCI-Greene.  Upon his arrival at SCI-Greene, Plaintiff was placed in the RHU in AC status.  Id. ¶¶ 25-26.

On or about July 8, 2021, Plaintiff was placed in the Intensive Management Unit ("IMU"), a new program within the Pennsylvania Department of Corrections ("DOC"), specifically intended for inmates on the RRL.  Id. ¶¶ 39, 40 and 49.  As of that date, Plaintiff had been in solitary confinement in the RHU for over two years.  Id. ¶ 49.

Plaintiff alleges that his RRL status was reviewed in early 2021 and not reviewed again until May 2022.  Id. ¶¶ 71, 78.

Plaintiff initiated this action on June 13, 2023.  ECF No. 1.  In the Complaint, Plaintiff asserts a denial of due process claim in Count 1.  He claims that he has no avenue to challenge his RRL status through the DOC's grievance policy and had no opportunity to be heard by DOC officials.  Id. ¶¶ 60-84, 121-127.  Plaintiff also asserts a cruel and unusual punishment claim in Count 2.  He claims that the DOC's policies inflicted cruel and unusual punishment upon him through the conditions he suffered in solitary confinement.  Id. ¶¶ 85-93, 131- 135.

Defendants George Little, Laurel Harry, Tabb Bickell, Tammy Ferguson, Trevor Wingard, Michael Zaken, S. Buzas, M. Dialesandro, M. Malanowki, M. Switzer, C. Swartz and L-Block Unit Manager D. Coulehan (collectively, "Defendants") filed the Answer to Complaint. ECF No.

13. Thereafter, the Court issued a Case Management Order and Amended Case Management Orders setting deadlines, including for fact discovery. ECF No. 14, 19 and 23.

On November 21, 2023, Plaintiff filed his initial Motion to Compel Discovery asserting that Defendants had not responded to his discovery requests. ECF No. 20. Defendants filed responses. ECF Nos. 25 and 27. Therein, Defendants stated that they mailed the discovery responses on October 25, 2023, and attached copies of the responses. Id. On November 28, 2023, the Court issued an Order denying Plaintiff's Motion to Compel Discovery. Given the fact that the discovery responses were provided but apparently delayed n the DOC mail system, the Motion to Compel Discovery was denied as moot. ECF No. 28. However, the denial was without prejudice should Plaintiff seek to compel more complete discovery responses or the production of documents. Id.

Following review of Defendants' discovery responses, Plaintiff filed a Motion to Compel Full and Proper Responses to Discovery and a Brief in Support of Motion to Compel Discovery on December 18, 2023. ECF Nos. 31 and 32. On January 5, 2024, Defendants filed a response in opposition. ECF No. 35.

Plaintiff's Motion to Compel is now ripe for consideration.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

"Rulings regarding the proper scope of discovery, and the extent to which further discovery responses may be compelled, are matters committed to the court's judgment and discretion." Simmons v. Gilmore, No. 2:17-cv-00996, 2019 WL 3944325, at *1 (W.D. Pa. Aug. 21, 2019). That discretion is limited by Rule 26, which reaches only "nonprivileged matter that is relevant to any party's claim or defense." Id. at *2. "Accordingly, '[t]he Court's discretion in ruling on discovery issues is therefore restricted to valid claims of relevance and privilege.'" Id. (quoting Robinson v. Folino, No. 14-227, 2016 WL 4678340, at *2 (W.D. Pa. Sept. 9, 2016)).

As the moving party, Plaintiff "bears the initial burden of showing the relevance of the requested information." Id. (quoting Morrison v. Phila Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001)). "Once that burden is satisfied, the party resisting the discovery has the burden to establish that the discovery being sought is not relevant or is otherwise inappropriate." Id.

## III. DISCUSSION

In the pending Motion to Compel, Plaintiff argues that Defendants' discovery responses contain numerous objections and that Defendants failed to supply Plaintiff with complete and correct discovery responses. ECF No. 32 at 2. Defendants oppose the Motion to Compel. In their two page response, Defendants simply state that all relevant evidence has been produced and their discovery responses satisfy their "obligations under the rules." ECF No. 35 at 2. The Court will address each request or group of related requests as referenced by Plaintiff in his Brief in Support, ECF No. 32.

### A. Interrogatory No. 1

In this interrogatory, Plaintiff asks Defendants to identify the specific policy or policies and/or identify a specific directive or custom that indicates that the appeal of placement/continuation on the RRL is not permitted. ECF No. 35-2 at 1.

4

Defendants respond.

RESPONSE: There is not a specific DOC policy or section thereof which states that an inmate may appeal his RRL status. Rather, appeal of AC status is permitted in accordance with DC-ADM 802, Section 2.C. An inmate may be on RRL on either AC or DC status. However, removal from RRL must have the written approval of the Executive Deputy Secretary, in accordance with DC-ADM 802 Section 4.B. By way of further answer, an inmate could file a Grievance pursuant to ADM-804 to challenge or complain of his or her placement on the RRL and may obtain the desired relief pursuant to that policy.

Id.

In his Brief, Plaintiff argues that he has "indisputable proof" which shows the above response is inconsistent with prior statements made by DOC officials, including Defendant Zaken. ECF No. 32 at 3. Specifically, Plaintiff cites to a number of contrary statements by DOC officials in response to his grievances. Id.

Upon review, it appears that Defendants have fully responded to this interrogatory. To the extent that Plaintiff wishes, he may request to depose certain of the identified DOC officials or Defendants. Furthermore, he may seek to impeach any Defendant or DOC official at trial with his/her prior inconsistent statements. Therefore, the Motion to Compel is denied as to this interrogatory.

**B. Interrogatory Nos. 2, 4, 5 and 6; Document Request Nos. 2 and 3**

In these discovery requests, Plaintiff seeks information that he claims is directly related to his solitary confinement and listing on the RRL. Id. at 4-5. In these interrogatories, Plaintiff seeks the names of the persons who voted/recommended for his placement/continuation on the RRL; the "specific rationale word-for word as it appears on the vote sheet/packets"; all material that was relied on in these decisions and communications before each vote/recommendation. ECF No. 35-2 at 2-4. In the two document requests, Plaintiff seeks the vote sheets and related materials, as well as custody, housing, program and misconduct reviews.

5

In response, Defendants object to these requests because they seek confidential/privileged information which could jeopardize the security and safety of the DOC personnel, specifically as it relates to facility security. Id. at 2-4. However, in response to Interrogatory No. 5, Defendants identify the categories of information generally considered by the decision makers. Id. at 3-4. Defendants also provide documents as to Plaintiff's misconducts and redacted PRC Reviews. ECF No. 35-1 at 2-3.

The gist of the dispute as to these specific discovery requests is that Plaintiff seeks information and documentation as to the decision makers, vote and vote sheets pertaining to his placement and continued placement on the RRL. The Court finds, consistent with the decisions of other courts, that there are legitimate security concerns that preclude the production of this information and documentation.

Courts with the Third Circuit have declined to compel the production of prison vote sheets and related information because the release of the information poses a legitimate security concern for the institution. See Bramble v. Wetzel, 2021 WL 5918752, at *3 (M.D. Pa. Dec. 15, 2021) (relying on deliberative process privilege and holding legitimate security concerns of DOC outweigh any relevance that the vote sheets have to inmate's claims); Naranjo v. T. Walter, 2021 WL 4226062, at *5 (M.D. Pa. Sept. 16, 2021) (finding that deliberative process privilege applied and denying a motion to compel vote sheets); Walker v. Regan, 2019 WL 687884, at *3 (E.D. Pa. Feb. 15, 2019) (declining to compel production of vote sheets because they "are quintessential examples of documents protected by the deliberative process privilege"); Mearin v. Folino, 2012 WL 4378184, at *4 (W.D. Pa. Sept. 24, 2012)(denying a motion to compel DC-46 vote sheets because the vote sheets, and "particularly the names of the staff members who signed them, are privileged and confidential").

6

Consistent with these holdings, the Motion to Compel as to these specific discovery requests is denied.

### C. Interrogatory Nos. 3, 7, 8 and 9; Document Request Nos. 5, 6, 8 and 9

In these discovery requests, Plaintiff seeks information that he claims is related to the knowledge of the Defendants concerning the RRL, solitary confinement, and the resulting harmful effects of solitary confinement. ECF No. 32 at 6-7. Given the broad range of topics covered by these requests, the Court will address them by topic.

#### 1. Interrogatory Nos. 3 and Document Request No. 6

Plaintiff seeks information as to the knowledge of each named defendant at to the detrimental effects of long-term solitary confinement. ECF No. 35-2 at 2-3; ECF No. 35-1 at 4. Defendants object to these requests as overly broad, unduly burdensome and requiring speculation.

Upon review, these two discovery requests are extremely broad and unduly burdensome as submitted. Accordingly, the Motion to Compel a more detailed response to Interrogatory No. 3 and Document Request No. 6 is denied. However, to the extent that Plaintiff seeks to depose an individual defendant, he may question that deponent about his/her knowledge of the effects of long-term solitary confinement at the time periods relevant to this litigation.

#### 2. Interrogatory Nos. 7 and 8

Plaintiff seeks information at to other lawsuits filed by other inmates on the RRL relating to due process and conditions of confinement and the harm that it caused or could potentially cause. He also seeks information relative court determinations that confinement on the RRL imposed on a liberty interest and inflicted cruel and unusual punishment. ECF No. 35-2 at 4-5.

Defendants object to these interrogatories.

RESPONSE: This response is OBJECTED to as it is seeking information that is not relevant to the Plaintiff's claims, not proportional to the needs, of the case, overly broad and unduly burdensome.[1]

Upon review, the Court finds that these two interrogatories are overly broad in time and scope. The circumstances of each inmate's confinement and the bases for placement/continued placement on the RRL are unique and different. The interrogatories also lack specificity as to institutional location. As such, the Motion to Compel is denied as to these interrogatories.

### 3. Interrogatory No. 9

Plaintiff seeks the identification of those Defendants that have been deposed or have otherwise testified under oath, related to any litigation concerning the RRL or solitary confinement, and provide a summary of the deposition or testimony. Id. at 2.

Defendants object to this interrogatory.

RESPONSE: This response is OBJECTED to as it is seeking information that is not relevant to the Plaintiff's claims, not proportional to the needs, of the case, overly broad and unduly burdensome.

Id. at 5.

Upon review, the Court finds that this objection is without merit, in part. Defendants are directed to answer Interrogatory No. 9, by identifying by case name, docket number and court name, as to each case where a named defendant has been deposed relative placement/continuance on the RRL and related conditions of solitary confinement. The relevant time period for the inmate/placement on the RRL is January 1, 2018 to present, and is limited to the institutions of SCI-Huntingdon, SCI-Houtzdale and SCI-Greene.

---

[1] In response to Interrogatory No. 8, Defendants only cite to their response to Interrogatory No. 7. ECF No. 35-2 at 5.

### 4. Document Request No. 5

In this request, Plaintiff seeks the production of all materials showing complaints made by prisoners against Defendants and/or the DOC relating to the RRL and the conditions of confinement. He requests a summary of the information, referencing specific materials available relating to this request, from which Plaintiff may elect to obtain in part, or in their entirety at a later date. ECF No. 25-1 at 3.

Defendants object to this document request.

RESPONSE: This request is OBJECTED to as being overly broad and unduly burdensome, seeks information that is confidential / privileged. Inmates are not entitled to information regarding other inmates. Furthermore, it is beyond the scope and proportional needs of the case.

Id. at 4.

The Court finds that this request is overly broad and not limited in time, scope or institutional location. Further, the reference to conditions of confinement is not defined in nature or scope. It is not narrowly tailored to the needs of this case. Accordingly, the Motion to Compel as to this document request is denied.

### 5. Document Request No. 8

In this document request, Plaintiff seeks the production "all materials relating to solitary confinement and/or the Restricted Housing Unit, or similar Unit(s)" that has been provided to or obtained by any of the defendants or the DOC as a whole, from any agency, group, study, investigation, and/or governmental body. He also states that Defendants may provide a summary of the material, referencing specific material, referencing specific material available relating to this request, from which Plaintiff may elect to obtain in part, or entirety at a later date.

Defendants object to this request.

9

> RESPONSE: This request is OBJECTED to as being vague, overly broad, unduly burdensome and beyond the scope of the Plaintiff's claims and not proportional to the needs of the case.

Upon review, the Court finds that this request is overly broad in time and scope. It also lacks specificity as to what is meant by "materials." Further, it is overbroad in seeking "materials" relative to solitary confinement or the RHU or similar units. It is not narrowly tailored to the two claims raised in the Complaint. Therefore, the Motion to Compel is denied as to this request.

   6. **Document Request No. 9**

In this document request, Plaintiff seeks the production of all materials relating to the training, experience, education, and employment history of each named defendant since the start of their employment with the DOC. ECF No. 35-1 at 6.

Defendants object to this request but produce identified documents and provide certain information relative to the employment of each Defendant.

> RESPONSE: This requested is OBJECTED to as being overly broad, unduly burdensome, beyond scope and not preoperational to the needs of the case. Without waiver, see Job Descriptions: Classification Program Manager attached hereto as LEAPHART_000053 through LEAPHART__000055, Corrections Officer 5 attached hereto as LEAPHART_000056 through LEAPHART_000058, Deputy Superintendent 2 attached hereto as LEAPHART_000059 through LEAPHART_000060, Superintendent 2 attached hereto as LEAPHART_000274 through LEAPHART_000275, Unit Manager attached hereto as LEAPHART_000276 through LEAPHART_000277, Regional Deputy Secretary – Redacted attached hereto as LEAPHART_000271 through LEAPHART_000273. The positions of Secretary, Acting Secretary and Executive Deputy Secretary are appointed positions and therefore do not have official job descriptions. Furthermore, below is a list of the Defendants employment dates.
>
> - Former Acting Secretary George Little – 10/02/2021 – 01/18/2023
> - Secretary Laurel Harry – 01/17/2023 – 06/21/2023 (Acting Secretary); 06/22/2023 – Current (Secretary)
> - Former Executive Deputy Secretary Tabb Bickell – 02/06/2018 – 03/31/2023
> - Executive Deputy Secretary Tammy Ferguson – 04/09/2023 – Current
> - Former Regional Deputy Secretary Trevor Wingard – 07/29/2018 – 06/24/2022
> - Superintendent Michael Zaken 3/22/2020 – Current
> - Deputy Superintendent Michael Dialesandro 8/3/2014 – Current
> - Deputy Superintendent Martin Switzer 5/14/2023 – Current

10

- Deputy Superintendent Stephen Buzas 5/17/2020 – Current
- Major Maureen Malanoski 9/20/2020 – Current
- Unit Manager Daniel Coulehan 9/6/2020 – Current
- Corrections Classifications Program Manager Carla Swartz 4/4/2021 - Current

Id.

Upon review, the Court finds that this response is sufficient. Plaintiff has not established the relevance of his broad request for documentation as to each defendant's education and general training. As such, the Motion to Compel as to this document request is denied.

**D. Document Request No. 4**

In this document request, Plaintiff seeks the production of all materials related to his mental and physical health from his reception into DOC custody until the present. ECF No. 35-1 at 3.[2]

Defendants provide a one sentence objection to this request as "overly broad, unduly burdensome, beyond the scope of Plaintiff's claims and seeks confidential/privileged information." Without waiver of this objection, Defendants produced 200 pages of Plaintiff's medical records. Id.

In support of his Motion to Compel as to this request, Plaintiff argues that his mental health records are relevant to his claims in this case because a substantial portion of those claims relate to the effects of solitary confinement on his mental health. Further, Plaintiff argues that the is no confidentiality or privilege that attaches to his request for his own mental health records. ECF No. 32 at 7-8.

In considering Defendants' objection, the Court recognizes that courts in the Third Circuit have treated similar objections as assertions of privilege and recognized their legitimacy. Courts have also recognized the potential security risk to staff posed by the release of an inmate's mental

---

[2] On May 20, 2002, Plaintiff was sentenced to 26 to 60 years in prison by the Court of Common Pleas of Indiana County. Leaphart v. Palakovich, Case No. 07-465 (W.D. Pa. Apr. 6, 2007) (ECF No. 1). Therefore, it appears that Plaintiff has been in the custody of the DOC for over 20 years.

health records. The Court finds the decision of Chief United States Magistrate Judge Richard

Lanzillo in Preacher v. Correct Care Solutions, 2020 WL 7027837, at *1 (W.D. Pa. Nov. 30, 2020)

to be instructive.

> Defendants have objected to these requests on the grounds that they seek "confidential, subjective mental health information pertaining to the assessment and treatment of Plaintiff" and that "[r]elease of this information to Plaintiff may pose a security risk to staff and/or the institution." Treating similar objections as assertions of privilege, courts in this circuit have recognized their legitimacy. *See Mearin v. Folino*, 2012 WL 4378184, at *4 (W.D. Pa. Sept 24, 2012); *Mercaldo v. Wetzel*, 2016 WL 5851958, at *6 (M.D. Pa. Oct. 6, 2016); *Spencer v. Collins*, 2013 WL 5176747, at *2 (M.D. Pa. Sept. 12, 2013); *Brown v. Martinez*, 2006 WL 1646154, at *, 2006 U.S. Dist. LEXIS 29772, at *6–9 (M.D. Pa. May 12, 2006); *Mincy v. Chmielewski*, 2006 U.S. Dist. LEXIS 77595, at *5–8, 2006 WL 3042968, at *1–2 (M.D. Pa. Oct. 25, 2006); *Griffin-El v. Beard*, 2009 WL 678700, at *8 (E.D. Pa. Mat. 16, 2009), *order corrected on reconsideration*, 2009 WL 1229599 (E.D. Pa. Apr. 30, 2009); *Whetstone v. Bohinski*, 2010 WL 785246, at *2–3 (M.D. Pa. Mar. 3, 2010), *modified on reconsideration*, 2010 WL 1505906 (M.D. Pa. Apr. 13, 2010). In *Mearin*, an inmate plaintiff sought mental health records to which the defendant objected on the grounds that the information was privileged, confidential, and sensitive. 2012 WL 4378184, at *4. The defendant asserted that "allowing an inmate to be privy to his mental health records could permit the inmate to manipulate his treatment and frustrate the goals of his treatment by interfering with a candid analysis of the inmate. Moreover, divulging an inmate's mental health records would subject any staff member involved in Plaintiff's treatment to retaliation." *Id.* There, the Court declined to order production of the records, in part persuaded by the defendant's reasoning, but also because the plaintiff's requests were overbroad and largely irrelevant to his claims. *Id.* at *5.
> 
> Similarly, in *Huertas v. Beard*, 2012 WL 3096430 (W.D. Pa. Jul. 30, 2012), the Court declined to grant an inmate plaintiff's motion to compel production of psychological records because the plaintiff's complaints of decreased vision, eye pain, headaches and photophobia were not sufficiently relevant and "unpersuasive in light of the security concerns asserted by Defendants." 2012 WL 3096430 at *9. *See also Spencer*, 2013 WL 5176747, at *2 (inmate's motion to compel production of his psychiatric records denied because defendants' security concerns were "justified," and plaintiff was not challenging his mental health treatment).
> 
> The security concerns underlying such objections seem particularly weighty when the psychological records requested relate to officials' assessments of whether a prisoner presents a security or mental health risk requiring his placement in a special housing unit. At the same time, many courts confronting such objections have required *in camera* production and review of the requested records in order to scrutinize and weigh the relevance of the records against the security concerns raised by the defendants. *In camera* review is particularly appropriate where mental health records are relevant to the plaintiff's claim and a correctional defendants wholesale decline to produce those records

on the basis of confidentiality or security. The Court adopted this approach in *Griffin-El v. Beard.* There, the Court followed the reasoning of both *Brown* and *Mincy* in order to come up with an arrangement where the Department of Corrections would produce a privilege log and supporting documentation to the Court, which would then proceed to "[weigh] the asserted security concerns against the relevance of the documents to Plaintiff's claims" via *in camera* review. *Id.* at *8-9 (citing *Brown*, 2006 WL 1646154, at *, 2006 U.S. Dist. LEXIS 29772, at *6–9; *Mincy*, 2006 U.S. Dist. LEXIS 77595, at *5–8, 2006 WL 3042968, at *. In *Brown*, the Court ordered in camera review of psychological records in dispute between an inmate plaintiff and defendants. 2006 WL 1646154, at *, 2006 U.S. Dist. LEXIS 29772, at *4. After that review, Chief Judge Vanaskie granted the defendants' motion for protective order, deeming the documents irrelevant to plaintiff's claims in relation to the defendants' documented security concerns. *Id.* at *, 2006 U.S. Dist. LEXIS 29772, at *9, 2006 WL 1646154.

Consistent with decision of Judge Lanzillo in Preacher, the Court finds that an approach like that followed by the courts in Brown and Mincy is appropriate in this case. Defendants will be ordered to produce Plaintiff's mental health records to the Court for *in-camera* review, on or before February 7, 2024. Defendants' production of this records is limited to the time period of January 1, 2018 to present. Upon receipt, the Court will review these records and weigh their potential relevance against the confidentiality concerns raised by Defendants and the security considerations recognized by the Court. The Court will determine to what extent, if any, the mental health records are subject to production to Plaintiff.

**E. Document Request No. 7**

In this request, Plaintiff seeks the production all materials relating to the operation, control, facilitation, etc. of the RHU, Intensive Management Unit, Long Term Segregation Unit, Administrative Custody, and the RRL. This includes polices, directives, customs (if no written material exists, provide a detailed summary), supplemental material, and program material. ECF No. 35-1 at 4.

Defendants object, in part, to the request.

>RESPONSE: This request is OBJECTED to as being overly broad and unduly burdensome, seeks confidential/ privileged information which could jeopardize the security and safety of the DOC personnel, specifically as it pertains to the facility security. Furthermore, DOC policies are available on www.cor.pa.gov. Plaintiff may appropriately schedule library time in order to view these policies. Or, in the alternative, he may request to view a copy of these policies from his Unit Manager. Copies may be made at Plaintiff's expense, in accordance with DC-003 Release of Information.

<u>Id.</u>

At the outset, in review of this response, it is noted that Defendants failed to identify the publicly available policies that are responsive to Plaintiff's request. As such, Defendants are directed to supplement this response and identify all relevant publicly available policies. The supplemental response must be provided within 14 days of the date of this Order. Further, Defendants are directed to produce copies of each of the identified relevant publicly available policies to Plaintiff within 14 days of the date of this Order without charge.

Following receipt of the supplement response and copies of the policies, Plaintiff may move to compel and additional policies that were not provided. However, Plaintiff is cautioned that policies that relate to internal institutional security may not be discoverable.

**F. Interrogatory Nos. 10 and 11; Document Request No. 1**

In Interrogatory No. 10, Plaintiff requests that Defendants identify all witnesses and expert witnesses that they intend to call at time of trial. ECF No. 35-2 at 5. This request is premature as the time frame for listing of witnesses for trial will be addressed in the Court's pretrial scheduling order. Accordingly, the Motion to Compel as to this interrogatory is denied.

In Interrogatory No. 11 and Document Request No. 1, Plaintiff request that Defendants state the evidentiary basis upon which it intends to defend against Plaintiff's claims and he seeks the production of related materials. <u>Id.</u> at 6; ECF No. 35-1 at 1. Again, this request is premature

as the time frame for the listing and production of exhibits will be addressed in the Court's pretrial scheduling order. Accordingly, the Motion to Compel as to these two discovery requests is denied.

IV.     **CONCLUSION**

For these reasons, Plaintiff's Motion to Compel is granted in part and denied in part. An appropriate Order follows.

**ORDER**

AND NOW, this 23rd day of January, 2024, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Full and Proper Responses to Discovery, ECF No. 31, is granted in part and denied in part.

The Motion to Compel is granted to the extent that Defendants are directed to:

A.  Answer Interrogatory No. 9 as modified;

B.  Produce to the Court, for *in-camera* review, Plaintiff's mental health records for the time period January 1, 2018 to present; and

C.  Answer Document Request No. 7 and produce the identified documents at no cost to Plaintiff.

The discovery responses must be provided to Plaintiff by February 7, 2024. The mental health records must be produced to the Court for in-camera review by February 7, 2024.

The Motion to Compel is denied in all other respects.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110,

Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

*/s Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via CM/ECF.

   HAROLD E. LEAPHART
   EZ8537
   SCI Greene
   169 Progress Drive
   Waynesburg, PA 15370